IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Builders Mutual Insurance Company, | ) | Civil Action No. 4-07-3183-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **O R D E R** |
| vs. | ) | |
| | ) | |
| Wingard Properties, Inc. and Kenneth Gwynn, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

In this action, Plaintiff Builders Mutual Insurance Company seeks a declaratory judgment that a commercial general liability (CGL) policy which it issued to Defendant Wingard Properties does not provide coverage or a duty to defend in regard to certain alleged damages in an underlying state court action. The parties filed cross motions for summary judgment. On September 13, 2010, this Court issued an order finding that the plaintiff had a duty to defend the underlying lawsuit in state court but that the issues relating to the duty to indemnify were not ripe.

Before the Court is Plaintiff's Motion for Reconsideration, Docket Entry # 75. Defendants have not filed a response to the motion.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." Collison v. International Chemical Workers Union, 34 F.3d 233,

1

235 (4th Cir. 1994) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Before analyzing the plaintiff's substantive arguments raised in its motion to reconsider, the Court must determine whether any of the above tests have been met for granting a motion to reconsider. Plaintiff asserts that the Court should reconsider its previous order to correct a clear error of law or prevent manifest injustice. Plaintiff acknowledges that "it did not directly respond" to Defendant's argument that the declaratory judgment action is not ripe because factual findings have not been made in the underlying action regarding whether the damage occurred before or after Wingard Properties had completed its work on the home. It is not this Court's duty to scour the record in order to locate potential arguments on a party's behalf. However, the Court finds that the arguments made in the motion to reconsider are related to the position taken by the plaintiff in its summary judgment motion and are therefore properly considered by the Court on motion to reconsider. Therefore, to prevent manifest injustice or correct an error of law, and due to the fact the entire insurance policy was included in the record (Docket Entry #67-5), the court will consider the arguments made in the motion to reconsider.

In its Motion for Summary Judgment, the plaintiff relied on the exclusion for "Damage to Your Work", ¶ 2.l. That provision, as amended by endorsement CG 22 94, excludes: "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard". This exclusion would apply to exclude property damage that occurred after Wingard Properties had completed work on the home. However, the Court found there were factual issues regarding

2

whether the damage occurred before or after the work was completed, thus precluding a grant of summary judgment in favor of the plaintiff based upon the "your work" exclusion set forth above.

Now for the first time, in the motion to reconsider, Builders Mutual brings to the Court's attention and relies on a similar exclusion for "Damage to Property", ¶ 2.j(6). Exclusion j (6) provides:

> This insurance does not apply to:
> j. **Damage to Property**
> "Property damage" to:
> \* \* \*
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
> \* \* \*
> Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

Builders Mutual argues that, regardless of when the damage occurred, it is excluded either by the "your work" exclusion (damage after work completed) or the j.6 exclusion (damage prior to completion of work). Therefore, factual findings in the underlying action are not needed to determine the duty to indemnify, and there is also no duty to defend because there is not a reasonable possibility that the insured will be held liable for a loss covered by the policy.

The Court agrees with the plaintiff's position, no opposition having been filed, and finds that Exclusion j(6) applies to damage that occurs during construction due to faulty workmanship. See Century Indemnity Co. v. Golden Hills Builders, Inc., 348 S.C. 559, 561 S.E.2d 355 (2002) (Exclusion similar to ¶ j.6 herein applied to bar coverage for the cost of repair to the substrate and framing of the house that was damaged by subcontractor's improper installation of a stucco exterior where the parties stipulated that the damage occurred before completion of the house.)

Therefore, on the basis of the policy language and South Carolina case law, the Court finds Builders Mutual has no duty to defend its insured in the underlying state court lawsuit and further that

there is no duty to indemnify for any judgment obtained in state court in the underlying action, based on either Exclusion j (6) "Damage to Property" or Exclusion l "Damage to Your Work".

**AND IT IS SO ORDERED**.

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, S.C.
October 29, 2010